UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GUSTAVE ERIC KELLER,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>LAS VEGAS JUSTICE COURT, *et al.*,<br><br>　　　　　　Respondents. | Case No.: 2:23-cv-01803-APG-DJA<br><br>**Order to Show Cause<br>Why This Action Should Not Be Dismissed** |

　　　　This is a habeas corpus action brought by Gustave Eric Keller. Keller initiated this action on November 3, 2023 by submitting a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and paying the filing fee. ECF Nos. 1, 1-1. But Keller's petition does not state a claim upon which habeas corpus relief could be granted, so he must show cause why this action should not be dismissed.

　　　　Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires a federal district court to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

　　　　A federal district court may grant a writ of habeas corpus to a person in state custody only if the person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(3); 28 U.S.C. § 2254(a). Keller does not give any indication that he is (or was, when he initiated this action) in any form of custody under the judgement of conviction that he challenges. To be entitled to habeas corpus relief under 28 U.S.C. § 2254, the habeas petitioner must be in custody under the conviction he challenges. 28 U.S.C. § 2254(a). This requirement is jurisdictional, so "it is the first question" the court must consider. *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998). "Custody," in this context, means more than the

fact of physical incarceration, however. A restraint on a petitioner's liberty, such as parole status for example, may meet the custody requirement. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989). However, once the sentence imposed for a conviction has expired, the collateral consequences of the conviction generally are not themselves sufficient to satisfy the custody requirement. *See id.*; *see also Feldman v. Perrill*, 902 F.2d 1445, 1448–49 (9th Cir. 1990). Keller's petition does not allege facts showing that he is in any sort of custody that would give this court jurisdiction over this habeas action.

      Furthermore, Keller's petition is incomplete; it fails to provide all information called for and necessary for proper screening by the court. Keller used the correct form to draft his petition, but in the introductory part of the petition, on page 2, he provides information that is not responsive to the questions asked.

      Where the form asks for the "[l]ength and terms of sentence(s)," Keller wrote: "credit time served—indefinitely on record." ECF No. 1 at 2. That is not responsive. Keller must state the sentence that he received in the judgment of conviction he challenges.

      Where the form asks for the "[S]tart date and projected release date," Keller wrote: "12/24/21 – indefinitely." *Id.* That also appears to be unresponsive. Keller must state the projected date of expiration of his sentence, or the date on which his custody will end.

      Where the form asks, "What was (were) the offense(s) for which you were convicted?" Keller wrote "Submitting as post conviction: challenging the validity and legality of conviction." That is obviously unresponsive. Keller must state the offense(s) for which he was convicted.

      Turning to the three claims asserted in Keller's petition, his first claim (in Ground 1of his petition) is that his constitutional right to due process of law was violated. ECF No. 1 at 3. But in this claim Keller simply challenges certain evidence—a video recording—by which he was apparently identified as the perpetrator of the crime(s) and challenges the credibility of the individual who apparently provided that evidence to law enforcement. *Id*. Keller does not here state a claim upon which habeas relief could be granted. His allegations regarding the import of evidence on which the prosecution was based and regarding the credibility of the person who was the source of that evidence does not make out a violation of his right of due process of law.

In Ground 2 of his petition, Keller claims his right to be free of cruel and unusual punishment was violated because of what he apparently considers "false imprisonment" based on flawed evidence. *Id*. at 4–5. Keller's claim in Ground 2, in its entirety, is as follows:

> As stated by Detective ("That the suspect is visible and clear as day.") (Evt # LLV210700032190) how or why was a warrant issued for, "Gustave Eric Keller" and served on 12/25/21 in which life and liberty was wrongfully taken till 003/03/22 and forced to make plea for freedom under duress.

*Id*. Here again, Keller simply complains that the prosecution of him was based on what he considers to be flawed evidence and that he was "forced to make plea for freedom under duress." *Id*. at 5. Without more, however, that does not make out a claim upon which habeas corpus relief could be granted.

In Ground 3, Keller appears to claim that his right to be free of "coercion and duress" was violated. *Id.* at 6. He does not identify what provision of the United States Constitution or other federal law he believes was violated. *See id.* His claim in Ground 3, in its entirety is as follows:

> The D.A. told my P.D. on 03/03/22 I could receive credit for time served and charges they filed that morning dropped if I would take a plea and [then] be free to leave.
>
> I was accused and was [falsely] imprisoned for something I did not do. What is worse, in report Evt # LLV210700032190, the [detective] stated, "you can see the suspect clear as day," in the video, which a warrant was issued without probable cause and served on 12/25/21 and held till 03/03/22.
>
> I believe this court is abusing its powers.

*Id.* So, factually, this is the same claim as Grounds 1 and 2. Keller just adds that because evidence on which the prosecution was based was flawed, he pled under "coercion and duress," and believes the court that took his plea "is abusing its powers." Here again, Keller does not allege facts amounting to a violation of his federal constitutional rights or any other federal rights. He does not state a claim upon which this court could grant habeas corpus relief.

In addition, it is plain that Keller has not exhausted in state court any of the three claims in his petition. A petitioner seeking habeas corpus relief in federal court under Section 2254 must first exhaust available state-court remedies before presenting his claims in federal court. To satisfy this exhaustion requirement, the claim must have been fairly presented to the highest

state court available under the circumstances. *See*, *e.g.*, *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).  The exhaustion requirement insures that, as a matter of federal-state comity, the state courts have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See*, *e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  Keller states in his petition that he did not appeal from the judgment of conviction and that he has not raised any of his claims in a state-court post-conviction action. *See* ECF No. 1 at 3–8.  Where the form petition asks why he did not raise the claim in Ground 1 on an appeal from the conviction, Keller states:

> pg 4 of 5: Protection order states (under Federal law this P.O. valid and enforceable 50 states, DC, territories, Indian nations. Pg 5 of 5 reaffirms. (18 USC §2265)

*Id*. at 3.  And where the form petition asks why he did not raise the claims in Grounds 2 and 3 on an appeal from the conviction, Keller states: "same reason as ground 1." *Id*. at 5, 7.  Where the form asks why he did not raise the claim in Ground 1 in a state post-conviction action, Keller states: "NA." *Id*. at 4.  And where the form asks why he did not raise the claims in Grounds 2 and 3 in a state post-conviction action, Keller simply does not answer. *Id*. at 5, 7.  It is clear that all three claims in his petition are unexhausted in state court.

Keller's petition plainly fails to assert any claim on which this court could grant habeas corpus relief.  I will, however, grant Keller an opportunity to show cause why this action should not be dismissed for the reasons stated above.  Keller may do so by filing a response to this order explaining how he can cure the shortcomings of his petition and requesting an opportunity to file an amended habeas petition, or Keller may simply file a first amended habeas petition curing the shortcomings of his petition.  He must do one or the other by **December 28, 2023**.  If Keller does not respond to this order by **December 28, 2023**, or if Keller responds but is unable to make a showing that this action should not be dismissed for the reasons stated above, I will dismiss this action.

///

///

///

**I THEREFORE ORDER** that petitioner Gustave Eric Keller will have until **December 28, 2023** to file a response to this order showing cause why this action should not be dismissed for the reasons stated in this order.

Dated: November 6, 2023.

_____
U.S. District Judge Andrew P. Gordon