**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GUSTAVE ERIC KELLER, | Case No.: 2:23-cv-01803-APG-DJA |
| Petitioner, | **Order Dismissing Action** |
| v. | |
| LAS VEGAS JUSTICE COURT, *et al.*, | |
| Respondents. | |

This is a habeas corpus action brought by Gustave Eric Keller. Keller, acting *pro se*, initiated this action on November 3, 2023, by submitting a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paying the filing fee. ECF Nos. 1, 1-1. On November 7, 2023, I screened Keller's petition as mandated by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. ECF No. 3. I determined that it appeared from Keller's petition that, when he filed his petition, Keller was not in custody under the conviction he challenges. *Id*. I also determined that the petition did not state a claim upon which federal habeas corpus relief could be granted. *Id*. And, I determined that it appeared from the petition that Keller has not exhausted in state court any of the claims in his petition. *Id*. I granted Keller an opportunity to show cause why this action should not be dismissed for those reasons. *Id*. I informed Keller that he could do so by filing a response to the order explaining how he can cure the shortcomings of his petition and requesting an opportunity to file an amended habeas petition, or he could simply file an amended habeas petition curing the shortcomings of his petition. *Id*.

Keller filed an amended habeas petition on November 30, 2023. ECF No. 6. In the amended petition, Keller provides information not included in his original petition. It is now clear that Keller was not, when he filed his original petition, in custody under the conviction he challenges. It is also now clear that Keller has not exhausted any of his claims in state court. I will dismiss this action on these grounds.

Keller states in his amended petition that he challenges a conviction of "violation of protection order," which was entered on March 3, 2022. *See* ECF No. 6 at 1–2. Keller states in his amended petition that his sentence was from December 25, 2021, to March 3, 2022. *Id*. at 2. He states that he was released from custody on the conviction in question on March 3, 2022. *Id.* Keller filed his original habeas petition in this case twenty months later, on November 3, 2023. *See* ECF No. 1. A federal district court may grant a writ of habeas corpus to a person in state custody only if the person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(3); 28 U.S.C. § 2254(a). To be entitled to habeas corpus relief under 28 U.S.C. § 2254, the habeas petitioner must be in custody under the conviction he challenges. 28 U.S.C. § 2254(a). This requirement is jurisdictional, so "it is the first question" the court must consider. *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998). "Custody," in this context, means more than the fact of physical incarceration. A restraint on a petitioner's liberty, such as parole status for example, may meet the custody requirement. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989). However, once the sentence imposed for a conviction has expired, the collateral consequences of the conviction generally are not themselves sufficient to satisfy the custody requirement. *See id.*; *see also Feldman v. Perrill*, 902 F.2d 1445, 1448–49 (9th Cir. 1990). Keller's amended petition plainly shows that, when he initiated this action, he was not in custody on the conviction that he challenges. I will dismiss this action on this ground.

Furthermore, Keller states unequivocally in his amended petition that he did not appeal to a higher state court from the conviction that he challenges and that he did not file a petition for post-conviction relief or a habeas petition in state court. *See* ECF No. 6 at 1. A petitioner seeking habeas corpus relief in federal court under Section 2254 must first exhaust available state-court remedies before presenting his claims in federal court. To satisfy this exhaustion requirement, the claim must have been fairly presented to the highest state court available under the circumstances. *See*, *e.g.*, *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). The exhaustion requirement insures that, as a matter of federal-state comity, the state courts have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See*, *e.g.*, *Coleman v. Thompson*,

501 U.S. 722, 731 (1991). Keller has not exhausted any of his claims in state court. I will dismiss this action on this additional ground as well.

**IT IS THEREFORE ORDERED** that **this action is DISMISSED**. A **certificate of appealability is DENIED** because jurists of reason would not find debatable whether the Court is correct in dismissing this action. The Clerk of the Court is directed to **ENTER JUDGMENT ACCORDINGLY**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to:

- **ADD** Aaron D. Ford, Attorney General of the State of Nevada, to the docket for this case, as counsel for Respondents;

- **SERVE** Respondents with copies of the original habeas petition (ECF No. 1), the order to show cause (ECF No. 3), the amended petition (ECF No. 6), and this order. Respondents need take no action with respect to this case.

Dated:  December 1, 2023

_____
U.S. District Judge Andrew P. Gordon